**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MIKECHEL BROOKER,** | |
| *Petitioner*, | **Civil Action** |
| *v.* | **No. 19-cv-5569** |
| **MICHAEL OBERLANDER,** | |
| *Respondent.* | |

## <u>ORDER</u>

**AND NOW**, this 3rd day of January, 2025, upon consideration of pro se Petitioner Mikechel Brooker's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1), the Response in Opposition (ECF No. 10), and following review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley issued on October 28, 2021 (ECF No. 38),  and Petitioner's Objections thereto (ECF No. 71), I hereby find as follows:

1.    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim unless the merits of the claims were first adjudicated in State court, and the state court decision was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, or involved an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(b)(1), (2), (d); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

2.    In her Report and Recommendation filed October 28, 2021, Judge Heffley carefully considered all of the issues raised by Petitioner, including those in his Motion to Amend and Supplement which he filed on September 30, 2021, and found all of them to be either meritless and/or procedurally defaulted.

3.    After carefully reviewing Judge Heffley's Report, I find it to be well-reasoned, and fully supported by the law and the records from Brooker's case.

4.    Brooker makes four objections to the Report and Recommendation:

- To Judge Heffley's alleged "reliance" on the Superior Court's opinion in his case, particularly as it relates to witness Antoinette Gray's pre-trial statements to the police officers investigating the murder of Barry Jacobs;

- To Judge Heffley's findings that Petitioner could not make the showing necessary under Martinez v. Ryan, 566 U.S. 1 (2012) to excuse his procedural default because his PCRA counsel was ineffective in failing to raise several of his claims;

- To Judge Heffley's alleged "reliance" on Pennsylvania Rule of Evidence 803.1, and on the Superior Court opinion issued with regard to his co-defendant Ellison's PCRA claims; and

- To the denial of his request for discovery and an evidentiary hearing on ballistics evidence.

5.    Despite his articulation of the objections as set forth above, Petitioner's objections simply re-argue the claims which he made in his Petition for Writ of Habeas Corpus and in his Motion to Amend and Supplement.  Indeed, Brooker is once again reiterating that the trial court's admission of the testimony of Elizabeth Gray, Eleanor Sampson, Detective Verrecchio, and the Commonwealth's ballistics expert, Kenneth Lay, was improper and violative of his rights under the Constitution's Due Process and Confrontation clauses.  As noted above, all of these arguments have been considered, thoroughly examined and analyzed, and found meritless.  While he may believe the conclusions reached in the Report and Recommendation are wrong, it is nevertheless incumbent upon Petitioner to show that in its evidentiary rulings and the other decisions made in

his case, the state court unreasonably applied or acted in a fashion which was contrary to clearly established federal law.  He has not done so.  And, as noted by Judge Heffley in footnote 9, the claims which Brooker seeks to raise in his counseled Motion to Amend and Supplement his Initial Writ of Habeas Corpus (ECF No. 37), lack merit, and his Pre-Disposition Motion for Appointment of Counsel is moot.  Those motions shall therefore also be denied on the grounds of futility and mootness.  See, Goldblum v. Klem, 510 F.3d 204, 221 (3d Cir. 2007); Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).  In thus failing to make the showing necessary to obtain habeas relief under § 2254, Brooker's objections are overruled.

**WHEREFORE,**  it is hereby **ORDERED**:

1.    The Report and Recommendation is **APPROVED** and **ADOPTED.**

2.    Petitioner's Pre-Disposition Motion for Appointment of Counsel, Expansion of the Record and Rule 6 Pre-Disposition Discovery (ECF No. 2) is **DENIED**.

3.    Petitioner's Motion to Amend and Supplement Initial Writ of Habeas Corpus (ECF No. 37) is **DENIED**.

4.    The Petition for  Writ of Habeas Corpus is **DENIED** and **DISMISSED** with prejudice.

5.    Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), or that reasonable jurists could debate whether or agree that the Petition should have been resolved differently.  Accordingly, no certificate of appealability shall issue.  See, Slack v. McDaniel, 529 U.S. 473, 483-484 (2000).

6.    The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**BY THE COURT:**

*/s/  Mitchell S. Goldberg*

_____

**Mitchell S. Goldberg,        J.**